March 8, 1994 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-2105

 THOMAS A. MAGEE,

 Petitioner, Appellant,

 v.

 SCOTT HARSHBARGER, ET AL.,

 Respondents, Appellees.

 

 ERRATA SHEET

 The opinion of this COurt issued on February 24, 1994 is
amended as follows:

 On cover sheet under list of counsel "Elizabeth J. Medvedow"
 
should be corrected to read "Elisabeth J. Medvedow."
 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-2105

 THOMAS A. MAGEE,

 Petitioner, Appellant,

 v.

 SCOTT HARSHBARGER, ET AL.,

 Respondents, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]
 

 

 Before

 Torruella, Circuit Judge,
 
 Bownes, Senior Judge,
 
 and Selya, Circuit Judge.
 

 

 Brownlow M. Speer with whom Committee for Public Counsel
 
Services was on brief for appellant.
 
 Elisabeth J. Medvedow, Assistant Attorney General, with whom
 
Scott Harshbarger, Attorney General, was on brief for appellees.
 

 

 February 24, 1994
 

 BOWNES, Senior Circuit Judge. Petitioner Thomas A.
 BOWNES, Senior Circuit Judge.
 

Magee appeals the district court's denial of his petition for

a writ of habeas corpus. The district court ruled that

petitioner failed to satisfy the "cause" and "prejudice"

requirement which must be met before federal courts can

collaterally review the merits of procedurally defaulted

constitutional claims. Because petitioner has failed to show

"cause" for his procedural default, we affirm.

 I.

 BACKGROUND
 

 We recite the facts pertinent to the issues raised

on this appeal.1 Petitioner was tried in a Massachusetts

state court, along with his co-defendant Patrick Tracy, on

charges of armed robbery, carrying a firearm, and receipt of

stolen property. The jury found petitioner guilty of the

first two offenses but acquitted him of the third.2

 During the trial the Commonwealth offered into

evidence a "booking slip" that had been completed by a police

officer shortly after petitioner's arrest. The booking slip

contained biographical information such as petitioner's age,

 

1. A full recitation of the facts can be found in the
opinion of the Massachusetts Appeals Court. Commonwealth v.
 
Tracy, 539 N.E.2d 1043 (Mass. App. Ct. 1989), review denied
 
sub nom., Commonwealth v. Magee, 542 N.E.2d 602 (Mass. 1989).
 

2. Tracy, a Vietnam veteran, was found not guilty of armed
robbery by reason of insanity stemming from post-traumatic
stress disorder. Tracy, 539 N.E.2d at 1044. He was,
 
however, convicted of the two other charges. Id.
 

 -2-
 2

height and weight. The lines directly below this information

were reserved for petitioner's offense. Petitioner's offense

was written in large block letters as "C. 265 17 ARMED

ROBBERY WITH A DANGEROUS WEAPON." Just after this entry

appears a second, smaller notation: "2 c. 265 18B

committing an offense while using a firearm (2nd offense)." 
 

 On the same day that the prosecution received the

booking slip from the police, it offered the slip into

evidence. Prior to the introduction of the booking slip into

evidence, defense counsel had a brief but sufficient

opportunity to examine it. Tracy, 539 N.E.2d at 1047.
 

Defense counsel failed to notice the "2nd offense" notation

and proceeded to cross-examine the police officer who

completed the slip about addresses on it. Id. The only
 

objection raised by defense counsel with respect to the

booking slip was that the Commonwealth was in violation of a

pretrial discovery agreement.

 Three days after the jury returned its guilty

verdict defense counsel first noticed the "2nd offense"

notation, and moved for a new trial on the ground that the

allegedly prejudicial second offense notation rendered his

trial fundamentally unfair. The motion was denied. On

direct review the Appeals Court held that because petitioner

did not seek to exclude the booking slip from evidence based

upon the "2nd offense" notation at the time the slip was

 -3-
 3

offered by the government, he had procedurally defaulted his

booking slip objection. Therefore, under Massachusetts law,

petitioner's conviction would be upheld unless he could

demonstrate a "substantial risk of a miscarriage of justice."

Tracy, 539 N.E.2d at 1046. Not finding such, the Appeals
 

Court affirmed petitioner's conviction, and his application

for review before the Supreme Judicial Court was denied.

Commonwealth v. Tracy, 539 N.E.2d 1043 (Mass. App. Ct. 1989),
 

review denied sub nom., Commonwealth v. Magee, 542 N.E.2d 602
 

(Mass. 1989). Petitioner then sought a writ of habeas corpus

from the United States District Court for the District of

Massachusetts. The petition was denied and this appeal

ensued.

 II.

 DISCUSSION
 

 Federal habeas review is generally precluded when a

state court reaches its decision on the basis of an adequate

and independent state ground. Coleman v. Thompson, 111 S.
 

Ct. 2546, 2553-54 (1991); Harris v. Reed, 489 U.S. 255, 262
 

(1989); Wainwright v. Sykes, 433 U.S. 72, 81 (1977). Where a
 

state court decision rests on a petitioner's failure to

comply with a contemporaneous objection rule at the time of

trial, this constitutes an adequate and independent ground.

Wainright, 433 U.S. at 87.
 

 -4-
 4

 Under prevailing habeas corpus jurisprudence, a

defendant's failure to comply with a state's contemporaneous

objection rule at trial forecloses judicial scrutiny on

collateral review if "1) the state in fact has a

`contemporaneous objection' rule; 2) the state enforces and

does not waive the rule; and 3) the defendant fails to show

both `cause' for and `prejudice' from, not having complied

with the rule." McCown v. Callahan, 726 F.2d 1, 3 (1st
 

Cir.), cert. denied, 469 U.S. 839 (1984); see also Puleio v.
 

Vose, 830 F.2d 1197, 1199 (1st Cir. 1987), cert. denied, 485
 

U.S. 990 (1988); Allen v. Commonwealth of Massachusetts, 926
 

F.2d 74, 78 (1st Cir. 1991).3

 On appeal, petitioner does not dispute that

Massachusetts has such a contemporaneous objection rule, that

it enforces its rule, and does not waive the rule.

Accordingly, our inquiry focuses on whether petitioner can

show cause for his procedural default as well as prejudice

from the alleged violation. Petitioner maintains that "the

factual basis for the claim [that the booking slip should

have been excluded because it contained a prejudicial

notation] was not reasonably available to [his] counsel,

 

3. Although an exception to the cause plus prejudice
requirement exists where failure to consider the claim on the
merits would result in a fundamental miscarriage of justice,
Coleman v. Thompson, 111 S. Ct. at 2564, petitioner does not
 
contend that this exception applies. In any event, the
record does not support such a claim.

 -5-
 5

because official misconduct (the prosecutor's introduction of

an irrelevant document as an exhibit) made it likely that he

would not notice the prejudicial notation in the document at

the time it was offered." Brief for Petitioner at 26.

 In order to establish cause for the default,

petitioner must demonstrate "that some objective factor

external to the defense impeded [defense] counsel's efforts

to comply with the State's procedural rule." Murray v.
 

Carrier, 477 U.S. 478, 488 (1986). Two objective impediments
 

identified by the Court as sufficient to constitute cause

under this standard are (1) that the factual or legal basis

for a claim was not reasonably available to defense counsel,

or (2) that interference by officials made compliance

impracticable. Id.
 

 As a preliminary matter, the Commonwealth argues,

and our review of the record reveals, that petitioner's

"cause" argument has undergone some alterations since the

district court denied his petition. Below, petitioner argued

that "cause" for his procedural default existed because

defense counsel did not have sufficient time to examine the

booking slip. Petitioner also argued that his attorney could

not have been expected to examine the booking slip prior to

trial since the document was irrelevant. There is no

indication in the record, however, that petitioner ever

presented the district court with its present contention,

 -6-
 6

i.e., that the prosecutor knowingly proffered an irrelevant
 

document in order to introduce prejudicial information into

evidence. It is a settled rule in this circuit that

"theories not raised squarely in the district court cannot be

surfaced for the first time on appeal." McCoy v.
 

Massachusetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir.
 

1991), cert. denied, 112 S. Ct. 1939 (1992).
 

 Nonetheless, assuming arguendo that petitioner's
 

current "cause" theory is properly before us, we are unable

to find any "external impediments" to trial counsel's failure

to timely notice the allegedly prejudicial entry on the

booking slip. The government's introduction into evidence of

an irrelevant document containing allegedly prejudicial

information did not obviate defense counsel's responsibility

nor in any way impair his ability to carefully examine the

entire booking slip.4 This is particularly true in the

instant case, where defense counsel extensively cross-

examined the officer who completed the booking slip about

other information contained on the slip. Defense counsel

even moved for a mistrial on the basis of that information.

 Moreover, the factual basis for the claim was more

than reasonably available to defense counsel prior to the

 

4. Petitioner's focus on the booking slip's lack of
relevance is long past due. Although the Appeals Court did
note that the booking slip was not relevant to any issue at
trial, Tracy, 539 N.E.2d at 1046, defense counsel did not
 
object at trial to the slip's admission on this ground.

 -7-
 7

admission of the booking slip into evidence. The allegedly

prejudicial notation was on the face of the slip which was

given to defense counsel for examination prior to admission

into evidence. As the Appeals Court noted, "counsel may not

have had much time to look at the booking slip prior to its

introduction," but he "had ample time to examine the slip"

after it was offered. Tracy, 539 N.E.2d at 1047.
 

 As for petitioner's implicit charge of

prosecutorial misconduct, the Appeals Court ruled that the

prosecution did not violate any discovery agreement by not

producing the booking slip prior to trial, id. at 1046, and
 

that court assumed that the prosecution did not deliberately

conceal knowledge of the booking slip or its contents at any

time. Id. at 1047 n.7. Petitioner has not presented any
 

evidence of misconduct, but merely alleges that, by

introducing an irrelevant document into evidence, the

government was necessarily motivated by an illicit purpose.

We do not find this reasoning persuasive. 

 We can perceive no external impediments to

petitioner's compliance with the Commonwealth's

contemporaneous objection rule. Petitioner has tried to

overcome his attorney's oversight by putting the blame on the

prosecutor. This facade cannot cure petitioner's failure to

 -8-
 8

demonstrate cause for his procedural default.5 Because the

cause and prejudice requirement is conjunctive, we need not

consider the latter element where the former has not been

satisfied. Puleio v. Vose, 830 F.2d at 1202.
 

 The judgment of the district court is Affirmed.
 Affirmed
 

 

5. It is well settled that "[a]ttorney error short of
ineffective assistance of counsel . . . does not constitute
cause and will not excuse a procedural default." McCleskey
 
v. Zant, 499 U.S. 467, , 111 S. Ct. 1454, 1470 (1991). As
 
the district court noted, petitioner has not alleged that his
representation at trial was constitutionally deficient.
Magee v. Harshbarger, No. 92-13090-WD, slip op. at 8 (D.
 
Mass. July 7, 1993). Moreover, at oral argument,
petitioner's counsel specifically disclaimed any argument
along these lines.

 -9-
 9